| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |

| | | |
|---|---|---|
| Augusta Due SRL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | Civil Action H-12-2896 |
| | § | |
| Furtrans Denizcilik Ticaret Ve Sanayi AS, | § | |
| | § | |
| Defendant. | § | |

## Opinion on Remand

1. *Background.*

In 2007, Augusta Due SRL hired Furtrans Denizcilik Ticaret Ve Sanayi AS to build a ship. Their contract required delivery by February 27, 2010. The parties were obliged to arbitrate disputes "arising out of or relating to" the contract. In February, Augusta refused to pay the balance and accept the ship because it did not meet the specifications. Furtrans began arbitration in London, seeking payment. In March of 2010, Augusta terminated the contract because Furtrans did not deliver a seaworthy ship. In May of 2011, the arbitration panel ruled for Augusta and ordered Furtrans to refund the advance payment.

On February 18, 2010, Furtrans arrested one of Augusta's ships in France. In March of 2010, its case was dismissed. Also in February, Furtrans arrested another Augusta ship, the *Costanza M*, in the Netherlands. At some point, it was dismissed.

In September of 2010, during the pendency of the arbitration, Furtrans arrested the *Costanza M* in Galveston. The arrest was dismissed on October 13, 2010.

2. *Jurisdiction.*

Augusta says that this court does not have jurisdiction because its claim for wrongful attachment of the *Costanza M* cannot be removed under the savings to suitors clause.[1] Furtrans does not contest this.

Augusta also says that this court does not have jurisdiction under the New York Convention

---

[1] 28 U.S.C. § 1333 (2012).

because its claims are extra-contractual and do not relate to an arbitration agreement or award.[2] It says that the dispute over wrongful attachment is not within the scope of the arbitration clause because it did not intend to arbitrate a wrongful-seizure claim.

This clause is broad and includes all disputes that arise from or relate to the contract.[3] Furtrans seized the ship in Galveston to secure collateral for the payment under the contract. Absent the contract between Furtrans and Augusta, the debt would not have arisen, and Furtrans would not have seized the *Costanza M.* Furtrans's arrest and Augusta's reciprocal damage for wrongful attachment are derived from the contract.

Augusta says that the clause could not affect the case because the arbitration is completed. The completed arbitration could still affect Augusta's claims. Furtrans has pleaded that Augusta waived its claims and is estopped by the arbitration.[4]

Augusta says that even if removal was proper, remand lies because Furtrans cannot compel arbitration. Augusta may be correct that Furtrans cannot compel arbitration; however, that is a different question. Its claims have a connection with the contract under which Furtrans attempted to seize the ship.[5] That generates jurisdiction.

3. *Conclusion.*

Augusta Due SRL has sued Furtrans Denizcilik Ticaret Ve Sanayi AS for arresting its ship in Galveston. The arrest was during the pendency of arbitration between them and to secure collateral for payment under a contract that compelled arbitration. This court has jurisdiction.

Signed on August 29, 2013, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[2] 9 U.S.C. § 205 (2012).

[3] *Pennzoil Exploration & Prod. Co. v. Ramco Energy*, 139 F.3d 1061, 1068 (5th Cir. 1998).

[4] *Beiser v. Weyler*, 284 F.3d 665, 669 (5th Cir. 2002).

[5] *Id.*